### IN THE UNITED STATES DISTRICT COURT FOR THE
### WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| DAWN DAVIS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | NO. CIV-06-0695-HE |
| | ) | |
| CITY OF HARRAH, a Municipal | ) | |
| Corporation; JERRY TAYLOR, | ) | |
| Individually and MICHELLE | ) | |
| COGDILL, Individually, | ) | |
| | ) | |
| Defendants, | ) | |

### **ORDER**

On June 1, 2006, plaintiff filed her original petition in the District Court of Oklahoma County, State of Oklahoma. She alleged the defendants had "intentionally inflicted emotional distress upon [her]," "portrayed her in a false light" and "wrongfully released medical information about her and her family." Pet. at 5. She sought both compensatory and punitive damages for defendants' alleged "negligence, portrayal in a false light, HIPA [sic][1] violations and civil rights violations." Pet. at 5-6. On June 28, 2006, defendant City of Harrah removed the action to this court under federal question jurisdiction. See 28 U.S.C. §§ 1331[2] and 1441(b).[3] It then filed a motion to dismiss plaintiff's state law claims and her

---

[1] *Health Insurance Portability and Accountability Act of 1996 (HIPAA).*

[2] *"The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."*

[3] *"Any civil action of which the district courts have original jurisdiction founded on a claim or right arising under the Constitution, treaties or laws of the United States shall be removable without regard to the citizenship or residence of the parties."*

claims arising under HIPAA. [Doc. #9]. On July 31, 2006, plaintiff filed a "Stipulation and Motion to Remand" the action to state court. [Doc. #19]. In her motion, plaintiff stipulated that "no federal statutory or United States Constitutional claims" were being asserted or would be asserted against the defendants in connection with this action. Mot. at 2.

Defendant has the burden of establishing federal question jurisdiction. <u>Karnes v. Boeing Co.</u>, 335 F.3d 1189, 1194 (10th Cir. 2003) "Under the 'well-pleaded complaint' rule, the plaintiff is considered the 'master of the claim' and thus the federal question giving rise to jurisdiction must appear on the face of the complaint." <u>Karnes</u>, 335 F.3d at 1192. At the time this case was removed, plaintiff's petition contained allegations of HIPAA and civil rights violations. Thus, the court properly acquired jurisdiction over this matter when it was removed. <u>See, e.g.</u>, <u>Pfeiffer v. Hartford Fire Ins. Co.</u>, 929 F.2d 1484, 1488 (10th Cir. 1991) ("[T]he propriety of removal is judged on the complaint as it stands at the time of the removal.").

Nevertheless, in filing her motion to remand plaintiff is affirmatively seeking to dismiss any federal claims contained in her petition. Given that plaintiff does not wish to proceed on any federal claims asserted in the petition, the court concludes such claims should be and are **DISMISSED**.

The dismissal of plaintiff's federal claims does not deprive the court of jurisdiction. However, it does implicate the court's discretion in retaining jurisdiction over plaintiff's pendent state law claims. See <u>Giles v. NYLCare Health Plans, Inc.</u>, 172 F.3d 332, 337 (5th Cir.1999) ("Once the court has proper removal jurisdiction over a federal claim, it may

exercise supplemental jurisdiction over state law claims . . . even if it dismisses or otherwise disposes of the federal claim or claims."). See also Pfeiffer, 929 F.2d at 1488 (party may not compel a remand by amending the complaint to destroy federal jurisdiction after removal). As this case was only recently removed and plaintiff did not delay in filing her motion to remand, the court concludes the case, with only state law claims remaining, should be returned to plaintiff's original choice of forum. See, e.g., Gold v. Local 7 United Food and Commercial Workers Union, 159 F.3d 1307, 1310 (10th Cir.1998) (noting that the exercise of supplemental jurisdiction is discretionary) (overruled on other grounds by Styskal v. Weld County Bd. of County Comm'rs., 365 F.3d 855 (10th Cir. 2004)).  Accordingly, this case is **REMANDED** to the District Court of Oklahoma County, State of Oklahoma.

**IT IS SO ORDERED**.

Dated this 20th day of September, 2006.

_____
JOE HEATON
UNITED STATES DISTRICT JUDGE